IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARJORIE SILBERBERG | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | CASE NO. 21-CV-00669-E |
| | ) | |
| MARTIN FLEMING, PAUL | ) | |
| SUMMERLIN, and BLACK DUTCH | ) | |
| MANAGEMENT, LLC | ) | |
|        Defendants. | ) | |

## SECOND AMENDED COMPLAINT

Marjorie Silberberg ("Silberberg" or "Plaintiff"), for her Amended Complaint against Defendants Martin Fleming ("Fleming"), Paul Summerlin ("Summerlin"), and Black Dutch Management, LLC ("Black Dutch") states as follows:

### NATURE OF ACTION

1.   Silberberg brings this action to recover the sum of $660,000 in damages (as well as punitive damages and interest) from Defendants resulting from Defendants fraudulent conduct in connection with a scheme they devised to misappropriate funds from Silberberg, under the guise of an investment opportunity in an oil and gas exploration and development company that Defendants never intended to form or operate.

2.   Specifically, Defendants repeatedly misrepresented their intentions and actions to Silberberg to induce Silberberg to send them $660,000 by wire transfer, purportedly to be held by them in trust in anticipation of the formation of a limited partnership (Black Dutch FC, LP). Silberberg was to receive equity ownership in Black Dutch FC (and participate in the profits of Black Dutch FC) in exchange for an investment of the $660,000. Only after transferring the money to Defendants, and making multiple requests (through undersigned counsel) for its return when the

partnership failed to materialize, did Silberberg eventually realize that Defendants had never intended to form the limited partnership.

3. Because of their intentional and willful misconduct designed to brazenly defrauded Silberberg, Defendants should be held accountable for the actual damages Silberberg has incurred in addition to punitive and exemplary damages.

## PARTIES

4. Marjorie Silberberg is an individual who resides in New York, New York.

5. Martin Fleming is an individual who, on information and belief, resides in Dallas, Texas. Fleming may be served at his registered business address on file with the Texas Secretary of State: 7675 Fallmeadow Lane, Dallas, Texas 75248.

6. Paul Summerlin is an individual who, on information and belief, resides in Dallas, Texas.  Summerlin may be served at his residence located at 9045 Maple Glen Dr., Dallas, Texas 75231.

7. Black Dutch Management, LLC is a Texas limited liability company with its principal place of business, on information and belief, in Dallas, Texas. Black Dutch may be served by serving its registered agent (Martin Fleming) at the address on file with the Texas Secretary of State: 7675 Fallmeadow Lane, Dallas, Texas 75248.

## JURISDICTION AND VENUE

8. Plaintiff is a citizen of the state of New York. Defendants Martin Fleming and Paul Summerlin are citizens of the state of Texas. According to the records maintained on file with the Texas Secretary of State, Defendant Black Dutch Management, LLC has three members: Defendants Martin Fleming and Paul Summerlin (both of whom are Texas citizens) and Jeff

Gould, a citizen of the state of Florida whose mailing address is 6085 Bahia Del Mar Blvd. #104, St. Petersburg, Florida 33715.

9. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). No Defendant (including Black Dutch Management, LLC whose three constituent members are citizens of Texas and Florida) is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(1) ad (2) because Defendants Fleming and Summerlin reside in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

11. Defendants Summerlin and Fleming are principals in Black Dutch Management, LLC, an energy investment and development company. According to its website, Black Dutch "utilizes its own internally-generated capital as well as that of its partners to develop and operate projects in upstream oil and gas development, fuel trading, technology, real estate, the automotive industry and private equity."

12. In 2016, Defendants approached Plaintiff, through mutual acquaintances, and presented her with what they represented to be a sound investment opportunity. In particular, Defendants proposed to form a partnership to engage in the oil and gas exploration and development business, including the selection and acquisition of oil and gas leasehold interests, the drilling and development of projects on those interests, and the marketing, sales or other exploitation of the oil or gas produced from such projects. Defendants provided certain general information regarding their experience in this field to Plaintiff's accountant and other agents for the purpose of inducing Plaintiff to invest,

13. In February 2017, Plaintiff filed a Certificate of Formation with the Texas Secretary of State, forming MS Petrol LLC ("MS Petrol"). MS Petrol was formed solely for the express purpose of becoming one of the partners in the partnership proposed by Defendants.

14. In February 2017, following the formation of MS Petrol, Plaintiff also transmitted to Defendants by wire the sum of $660,000 in anticipation of the partnership formation and investment opportunity in Black Dutch FC. Ostensibly, Plaintiff (through MS Petrol) was to receive equity ownership in Black Dutch FC as a limited partner.

15. At all times, it was understood and agreed that Defendants would hold the $660,000 in trust for the benefit of plaintiff and that the funds would only be used exclusively as Plaintiff's investment in the future partnership. At no point in time did Plaintiff ever authorize Defendants to use those funds for any other purpose other than to fund her investment in Black Dutch FC.

16. In April 2017, defendants provided plaintiff with a draft of the proposed partnership agreement for Black Dutch FC. In the proposed terms of the partnership agreement, Black Dutch FC was to be formed for the purpose of engaging in oil and gas exploration and development, including the selection and acquisition of oil and gas leasehold interests, drilling and development projects, and the marketing, sales or other exploration of the oil or gas produced from such projects.

17. In that same e-mail communication in which defendants transmitted a copy of the draft partnership agreement, Defendants also identified one of the projects which Black Dutch FC was supposedly going to undertake (an exploration project in Montana). On information and belief, Defendants used this project as a way of misrepresenting the imminent formation and viability of Black Dutch FC, when they knew that the partnership would never exist or do business.

18. The limited partnership agreement between MS Petrol and Black Dutch Rockies LLC remained in draft form and was never executed by the parties. As a result, there was never any such partnership named Black Dutch FC, at least not one involving Silberberg and/or MS Petrol as a limited partner. Consequently, Silberberg never received any equity ownership in Black Dutch FC in exchange for the $660,000 that she sent to Defendants.

19. In July 2018, Silberberg, through her accountant, requested information regarding the status of her investment in Black Dutch FC. Specifically, severance accountant emailed Defendant forming on multiple occasions, requesting investment reports and information to be utilized in the preparation of various business and individual tax returns for Silberberg.

20. Although the initial communications were ignored, Defendants responded in August 2018 but merely provided a copy of the prior draft of the partnership agreement and the prior communications. Defendants provided no update regarding the status of the formation of Black Dutch FC or an accounting of the funds provided by Plaintiff for her investment in the limited partnership. However, based on their assurances, Plaintiff continued to believe the representations from Defendants that Black Dutch FC would soon be operating in engaged in multiple oil and gas exploration projects.

21. Thereafter, Plaintiff personally and through her authorized agents continued to request updates regarding Black Dutch FC. No additional updates were provided by Defendants and, eventually, all communications from Defendants ceased.

22. According to the Texas Secretary of State corporate records database, Black Dutch Rockies LLC (the entity that defendants had represented to Plaintiff would be the general partner in Black Dutch FC) forfeited its ability to do business in January 2019 or failing to pay franchise taxes. Defendant Black Dutch Management also experienced a similar tax forfeiture, but

5

subsequently was reinstated.  On information and belief, Defendants permitted the tax forfeiture of Black Dutch Rockies LLC after determining that there was no need to continue misrepresenting their intentions to Plaintiff, because they were no longer responding to the numerous attempts to contact them.

23. Plaintiff first learned of and discovered that Defendants never had any intention of forming Black Dutch FC in or around September 2020, after there are numerous and repeated attempts to contact defendants were unsuccessful.  Plaintiff then engaged undersigned counsel to communicate with Defendants in an attempt to recover the money and before filing this action.  Undersigned counsel sent defendants a letter on or about October 30, 2020 requesting immediate return of the $660,000.  Defendants ignored that communication as well.

## Count I
## Breach of Contract

24. Silberberg repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

25. The parties entered into a valid and enforceable contract in February 2017, wherein Plaintiff agreed to transfer the sum of $660,000 to Defendants as an investment in Black Dutch FC, LP., pursuant to a limited partnership agreement that was to be drafted and executed by the parties.

26. The money transferred by Plaintiff to Defendants was to be held by Defendants in trust until such time as the limited partnership agreement was fully negotiated and executed by the parties.  The money was to constitute the consideration for Plaintiff' equity in Black Dutch FC, LP, in accordance with the anticipated limited partnership agreement.  It was understood and agreed that Plaintiff's investment in Black Dutch FC, LP would be returned to Plaintiff in the event that the limited partnership agreement failed to materialize.

27. The limited partnership agreement was never negotiated and executed by the parties and, consequently, plaintiff never received any equity in Black Dutch FC, LP.

28. Defendants have breached the agreement by withholding, refusing, and/or failing to return the $660,000 to Plaintiff, as well as refusing or failing to provide Plaintiff with important investment reports and information to be utilized in the preparation of various individual and business tax returns, despite repeated requests by Plaintiff.

29. Defendants' actions are in breach of the agreement between the parties and have caused money damages to Plaintiff in an amount not less than $660,000.

## COUNT II
## Fraud in the Inducement

30. Silberberg repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

31. Defendants made the material misrepresentations to hold Plaintiff with the intent to induce Plaintiff to transfer the sum of $660,000 to Defendants in February 2017.

32. Defendants knew at the time of the misrepresentations that Defendants would not form a limited partnership agreement between MS Petrol and Black Dutch Rockies LLC, or otherwise utilize the money transferred by Plaintiff for legitimate and authorized purposes.

33. Plaintiff relied upon the misrepresentations of Defendants when she was fraudulently induced into transferring money to Defendants in February 2017, which has resulted in monetary damages are not less than $660,000.

34. Defendants acted willfully, wantonly, intentionally, with malice, and/or with reckless disregard for the rights of Plaintiff when Defendants committed the above-referenced wrongful acts, which warrant this Court imposing damages for the sake of example and punishment.

7

## COUNT III

### Intentional Misrepresentation

35.     Silberberg repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

36.     Defendants made in February 2017, and continued to make after receipt of the $660,000 from Plaintiff, the material misrepresentations to Plaintiff regarding (1) efforts to finalize the limited partnership agreement for the investment in Black Dutch FC, LP, and (2) their intent to return the $660,000 to Plaintiff.

37.     Defendants knew these representations were false when made.

38.     Defendants made the material misrepresentations to Plaintiff with the intent that Plaintiff relied upon those misrepresentations.  Defendants intended for those misrepresentations to result in Defendants retaining possession of a control over the investment funds for unauthorized personal or other purposes.

39.     Despite repeated requests by Plaintiff, Defendants have refused and/or fail to return the investment funds to Plaintiff, contrary to their representations.

40.     As a result of Defendants' fraudulent misrepresentations, plaintiff has incurred monetary damages of not less than $660,000.

41.     Defendants acted willfully, wantonly, intentionally, with malice, and/or with reckless disregard for the rights of Plaintiff when Defendants committed the above-referenced wrongful acts, which warrant this Court imposing damages for the sake of example and punishment.

## COUNT IV

### Unjust Enrichment

42. Silberberg repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

43. Consistent with the parties' agreement, Plaintiff transferred $660,000 to Defendants with the understanding and agreement that the funds would be used exclusively for Plaintiff's investment in Black Dutch FC, LP pursuant to a limited partnership agreement.

44. There was never a limited partnership agreement finalized and executed by the parties. Consequently, Plaintiff never received any equity in Black Dutch FC, LP in exchange for the $660,000 transferred to Defendants.

45. The $660,000 has not been returned to Plaintiff and remains unaccounted for to the detriment of Plaintiff.

46. Defendants unjustly received and retained monetary gain as a result of their actions/inactions, and which constitutes an unjust enrichment of Defendants and warrants the issuance of an order by this Court requiring Defendants to disgorge all of their monetary gain, an accounting, and monetary damages to Plaintiff.

## COUNT VI

### Civil Conspiracy

47. Silberberg repeats and realleges, as if fully set forth herein, the allegations of the preceding paragraphs.

48. Defendants acted in concert to defraud and damage Plaintiff as alleged herein.

49. Defendants had a meeting of the minds to defraud the damage Plaintiff.

50. Defendents undertook one or more unlawful acts, as alleged above, to accomplish the object of their conspiracy, including, but not limited to, defrauding plaintiff and

misappropriating and unlawfully retaining funds transferred by Plaintiff and designated exclusively for an investment in Black Dutch FC, LP.

51. As a direct and proximate result of Defendants' unlawful conspiracy and related acts, plaintiff has suffered damages in an amount not less than $660,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marjorie Silberberg respectfully requests the Court to grant judgment against defendants for: (1) general and special damages in an amount in excess of $660,000, (2) exemplary damages in an amount to be determined at time of trial, (3) pre- and post-judgment interest, costs, attorneys' fees, and (4) any other and further relief as this Court may find just and proper under the law.

Respectfully submitted this 5th day of April, 2021.

/s/ Kevin M. Duddlesten
Kevin M. Duddlesten
Texas Bar No. 00793644
DUDDLESTEN LAW GROUP, PLLC
4347 W Northwest Hwy Ste 130, PMB 325
Dallas, TX 75220
Phone: (214) 833-5228
Facsimile: (469) 457-6785
Email: kevin@duddlestenlawgroup.com

ATTORNEYS FOR THE PLAINTIFF